IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK CARROLL, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-CV-1770-G (BH) |
| § | |
| TEAM ONE LOGISTICS/BUSINESS § | |
| TRANSPORT SOLUTIONS, § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendant Business Solutions Transport, LLC's Motion to Dismiss Plaintiffs Amended Complaint Under Rule 12(b)(6)*, filed February 26, 2020 (doc. 126). Based on the relevant filings and applicable law, the defendant's motion should be **GRANTED**, and the plaintiff's claims should be **DISMISSED** without prejudice.

### I. BACKGROUND

Mark Carroll (Plaintiff) sues his employer, Business Solutions Transport, LLC (Defendant), for overtime wage violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (FLSA). (*See* doc. 1-3 at 11-12.)[2]

Beginning on August 12, 2012, Plaintiff was employed by Defendant as a driver for six months; he was employed as a dispatcher for the remainder of his employment, until April 15, 2018. (*See id.* at 2.) As a dispatcher, Plaintiff's typical workday began at 8:00 a.m. and ended when his work was completed. (*See id.*) He alleges that he "operated the Dallas division of the company," and "[w]hile operating the Dallas division, was given the Arizona division to dispatch

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

as well." (*Id.*)  The Arizona division was later removed from his responsibilities, and he "was given the Denver division to dispatch along with Dallas." (*Id.*)  Due to the time zone difference, "especially during the winter months," the Arizona and Denver divisions were two hours behind Dallas.  (*See id.*)  Plaintiff claims that Defendant failed to keep time clock records during his employment, was aware of his work hours, and had a security alarm system that used time stamps and required him "to enter his code at the end of the night." (*Id.* at 5.)

On June 25, 2019, Plaintiff filed this suit in state court against Defendant and Team One Contract Services, LLC d/b/a Team One Logistics (Team One), asserting a claim for overtime wage violations under the FLSA.  (*See* doc. 1-3 at 11-12.)  The case was removed to federal court on July 25, 2019.  (*See* doc. 1.)   Two related state court lawsuits subsequently filed by Plaintiff against Team One were consolidated with this lawsuit following their removal to federal court. (*See* docs. 64, 65, 93.)

On November 22, 2019, Plaintiff was granted leave to file an amended complaint, and he was ordered to set forth all claims he was asserting in this action and in the consolidated cases, regardless of whether they were previously asserted in prior or amended complaints, or whether they asserted new grounds for relief.  (*See* docs. 42, 100.)  On January 13, 2020, he filed *Plaintiffs Amended Complaint*, which stated, in its entirety:

> Pro Se Plaintiff Mark Carroll, files this Amended Complaint as Ordered by the Court.  The grounds for this motion are set forth in the accompanying memorandum.
>
> A copy of the proposed amended complaint is filed with this motion.
>
> WHEREFORE, Pro Se Plaintiff respectfully request[s] that the Court accepts the Pro Se Plaintiff's Amended Complaint.

2

(doc. 122.) In his attached Memorandum in Support of Amended Complaint, Plaintiff alleged that he was one of many employees to whom Defendant failed to pay overtime compensation, and that from August 6, 2012 to April 15, 2018, Defendant failed to maintain a time clock, rendering every employee eligible for overtime. (*See* doc. 122-2 at 1.) He alleged that he suffered emotional distress, loss of enjoyment of life, mental anguish, inconvenience, financial loss, and duress during his employment with Defendant. (*See id.* at 2.) Plaintiff did not otherwise include the referenced copy of a proposed amended complaint. (*See* doc. 122.)

On February 26, 2020, Defendant moved to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted. (*See* doc. 126.) Plaintiff's response added factual allegations relating to his employment with Defendant in support of his claim for overtime compensation. (*See* doc. 136.) After Plaintiff's timely filed response and Defendant's reply, this motion is ripe for recommendation.

## II.    RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's amended complaint under Rule 12(b)(6). (*See* doc. 126.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry*

3

*v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186,

4

196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Collins*, 224 F.3d at 499 (quotation marks omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper" for a court "to take judicial notice of matters of public record" when deciding a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff referenced and attached to his amended complaint a Memorandum in Support of Amended Complaint. (*See* doc. 122-2.) This document is therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Conversion of this motion to dismiss into a summary judgment motion is unnecessary.

### III.   FLSA

Defendant argues that Plaintiff's amended complaint does not adequately plead an overtime claim under the FLSA. (*See* doc. 126 at 5.)

5

The FLSA requires that employers pay covered employees at a rate of at least one and one-half times their regular rate for the hours an employee works in excess of a forty-hour workweek. *See* 29 U.S.C. § 207(a)(1). An employer who violates the overtime provisions of § 207 of the FLSA is liable to the affected employee for unpaid overtime compensation and, potentially, liquidated damages. *See* 29 U.S.C. § 216(b).

**A.    Applicability**

An employee is covered by the overtime provisions of the FLSA when he is "engaged in the production of goods for commerce ('individual coverage') *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks omitted and emphasis in original); *see also* 29 U.S.C. § 207(a)(1).[3] In determining individual coverage, "courts apply a practical test, which looks to whether an employee's work 'is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Blundell v. Lassiter*, No. 3:17-cv-1990-L-BN, 2018 WL 6738046, at *5 (N.D. Tex. May 21, 2018) (quoting *Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012)). If an employee's work "merely affects commerce," it is not sufficient to constitute individual coverage under the FLSA. *Id.* (citing *Barr v. Custom Design & Installation, Inc.*, No 3:13-cv-4925-M, 2015 WL 1255870, at *2 (N.D. Tex. Mar. 19, 2015)).

Here, the only factual allegations asserted by Plaintiff which potentially relate to individual coverage are that he was a dispatcher for Defendant's Dallas division, and also served as a

---

[3] "Commerce" under the FLSA is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

dispatcher for its Arizona and Denver divisions.[4] (*See* doc. 136 at 2.) He fails to plead factual allegations from which individual coverage can be inferred, such as describing his job duties or the nature of his work or Defendant's business, or how his work engaged him in interstate commerce. He has therefore failed to allege individual coverage under the FLSA. *See, e.g.*, *id.* at *6 (finding individual allegations of travel on the interstate highway, use of interstate communications, and the employer entity's receipt of Medicare funds to be insufficient for individual coverage under FLSA); *Wilson v. K & K Best Care Ambulance Servs., Inc.*, No. 4:13-CV-2509, 2014 WL 1761227, at *2 (S.D. Tex. Apr. 28, 2014) ("[The plaintiff] pleads no facts specifying how as a dispatcher she was engaged in interstate commerce."). Because he offers nothing more than a recitation of the elements relating to enterprise coverage, Plaintiff also failed to plead facts sufficient to support enterprise coverage under the FLSA. *See Ovalle v. DRG Concepts, LLC*, No. 3:17-CV-2714-G, 2018 WL 2762553, at *5 (N.D. Tex. June 8, 2018) (finding that "little more than threadbare recitations of the statutory requirements for enterprise coverage" failed to state a plausible claim for relief under the FLSA). Plaintiff has failed to plead sufficient facts to show that he is a covered employee under the FLSA.

---

[4] As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged claim should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Accordingly, Plaintiff's allegations in his response to Defendant's motion to dismiss are construed as a motion to amend, the motion is granted, and the new allegations are considered.

**B.** **Elements**

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must allege facts sufficient to show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *Gill v. Bennett*, No. 4:17-cv-00611-O-BP, 2018 WL 1663287, at *3 (N.D. Tex. Apr. 6, 2018) (same in Rule 12(b)(6) context); *see also England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, at *2 (E.D. La. July 19, 2016) (quoting *Mejia v. Bros. Petroleum, LLC*, No. 12-2841, 2015 WL 3618904, at *2 (E.D. La. June 9, 2015)).

Here, although he claims that he was employed by Defendant from August 12, 2012 to April 15, 2018, and that his workday as a dispatcher would start at approximately 8:00 a.m., he does not allege that he worked more than 40 hours in any workweek without receiving compensation for that work. (*See* doc. 136 at 2.) Nor does he allege the amount of overtime compensation owed. Plaintiff instead alleges that Defendant did not maintain a time clock. (*See* docs. 122-2 at 1; doc. 136 at 5.) In the absence of any factual allegations to show that he worked over 40 hours in any workweek for which he was not paid, and the alleged overtime compensation due to him, he fails to state a plausible claim for overtime compensation under the FLSA. *See, e.g., England*, 2016 WL 3902595, at *3 (dismissing FLSA overtime claim where the plaintiff did not provide "the approximate date ranges and approximate number of hours worked for which Plaintiff claims he was under-compensated."); *Whitlock v. That Toe Co., LLC*, No. 3:14-CV-2298-L, 2015 WL 1914606, at *3 (N.D. Tex. Apr. 28, 2015) (dismissing FLSA overtime claim where

8

complaint failed to reference the hours worked by the plaintiff or the manner in which he worked overtime).

## IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended his complaint in this matter once. His amended complaint fails to comply with the rules of procedure. He asserted new allegations in his response that have been construed as an amendment and considered, but he still failed to state a claim upon which relief can be granted. Nevertheless, it does not appear that Plaintiff has stated his best case with respect to his FLSA claim. He should accordingly be offered an opportunity to amend his complaint to sufficiently state a claim for relief.

## V. RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allowed for objections to this recommendation, or a deadline otherwise set by the Court, the defendant's motion to dismiss

should be **GRANTED**, and Plaintiff's claims against it should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, the defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SIGNED this 10th day of August, 2020.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE